IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL JOHN METCALF,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | CV 25-118-BLG-TJC<br><br>**ORDER** |

Plaintiff Daniel John Metcalf ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383f. (Doc. 1.) The Commissioner subsequently filed the Administrative Record ("A.R."). (Doc. 8.)

Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial of disability benefits and remand for further administrative proceedings. (Doc. 11.) The motion is fully briefed and ripe for the Court's review. (Docs. 13, 14.)

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on July 30, 2021. (A.R. 231-240.) A hearing was held before Administrative Law Judge Tanya Dvarishkis (the "ALJ") on February 6, 2024. (A.R. 36-59.) On October 11, 2024, the ALJ issued a written decision finding Plaintiff not disabled. (A.R. 17-29.) Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request. (A.R. 1-6.) Thereafter, Plaintiff filed the instant action.

## II. LEGAL STANDARDS

### A. Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is

not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten*, 44 F.3d at 1457. In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). But even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion.

*Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

**B. Determination of Disability**

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work he previously performed, or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin*., 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098, n.3 (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id*. at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)).

## III. THE ALJ'S FINDINGS

The ALJ followed the five-step sequential evaluation process in considering Plaintiff's claim. First, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2017. (A.R. 20.)

Second, the ALJ found that Plaintiff had the following medically determinable severe impairments: degenerative disc disease and asthma. (A.R. 20.)

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments. (A.R. 21-22.)

Fourth, the ALJ concluded Plaintiff has the RFC to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: He can lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for up to 6 hours and sit for up to 6 hours in an 8-hour workday. He can occasionally climb, stoop, kneel, crouch, and crawl. He should have no exposure to weather, extreme cold, vibration, hazards, and atmospheric conditions.

(A.R. 22.)

The ALJ next found that Plaintiff was capable of performing his past relevant work as a mechanic. (A.R. 27.) Alternatively, the ALJ found Plaintiff could perform other jobs in the national economy such as commercial cleaner, auto detailer, and auto parts assembler. (A.R. 29.) Thus, the ALJ found that Plaintiff was not disabled. (A.R. 29.)

## IV. DISCUSSION

Plaintiff presents the following issues for review: (1) whether the ALJ failed to evaluate his mental impairments; and (2) whether the ALJ erred in relying on

her lay reading of the medical evidence to assess his physical functional abilities.

### A. Consideration of Mental Impairments

Plaintiff argues the ALJ failed to evaluate his mental impairments in accordance with the law. The Commissioner counters that Plaintiff never established the existence of any medically determinable mental impairment.

Under step two of the sequential evaluation process, the ALJ must determine whether claimant suffers from a severe impairment or combination of impairments. 20 C.F.R 404.1520(c); 416.920. At the step two inquiry, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). The Social Security Act defines a "severe" impairment as one "which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments may be found 'not severe *only* if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290). The step two "inquiry is a de minimis screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290.

Here, although the evidence is somewhat sparse, the medical records do show that Plaintiff was diagnosed with and treated for depression. (A.R. 50, 345-

49, 569-70, 583.) For example, Plaintiff was evaluated by the Eastern Montana Community Mental Health Center in April 2021, and diagnosed with major depressive disorder, single episode, moderate, with a secondary diagnosis of alcohol dependence, uncomplicated. (A.R. 348-49.) Further, Plaintiff was prescribed an anti-depressant in July 2023. (A.R. 569-70.) Medical records also note on two occasions that Plaintiff appeared anxious. (A.R. 522 ("Relatively anxious and discouraged patient at ongoing back pain and neck pain"); 572 (noting Plaintiff disclosed "he is very anxious" regarding a family situation). Additionally, Plaintiff testified at the hearing that he has "a certain amount of depression" and his doctor has advised he needs "to take anti-depressants" but they make him throw up. (A.R. 50.) Plaintiff's counsel also indicated that Plaintiff suffers from major depressive disorder in his prehearing brief. (A.R. 324.)

Despite this evidence in the record, the ALJ did not address Plaintiff's mental impairments at all. The ALJ only found Plaintiff suffered from degenerative disc disease and asthma. (A.R. 20.) The ALJ did discuss some of Plaintiff's other documented physical impairments, and found they were non-severe. (*See* A.R. 20-21 (explaining why Plaintiff's alleged pre-diabetes mellitus, hypertension, and plantar fasciitis conditions were non-severe). But the ALJ made no similar finding of non-severity as to Plaintiff's documented mental impairments. The Court finds the ALJ's failure to even acknowledge the evidence

of Plaintiff's depression was erroneous. *Smolen*, 80 F.3d at 1282 (noting an ALJ errs by completely ignoring medical evidence).

The Court further finds that the error was not harmless. The ALJ was required to consider all of Plaintiff's impairments in assessing his RFC, including his impairments that are not severe. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("The ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe. Even though a non-severe "impairment[ ] standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.") (citing Social Security Ruling 96–8p)).

Because the ALJ failed to acknowledge the evidence of Plaintiff's depression, the ALJ necessarily failed to consider the combined effect of his impairments in determining the RFC. *Smolen*, 80 F.3d at 1290 ("Having found [the claimant] to suffer from only one 'severe' impairment at step two, the ALJ necessarily failed to consider at step five how the combination of her other impairments . . . affected her residual functional capacity to perform work.").

Accordingly, the Court finds the ALJ erred at step two by failing to acknowledge or evaluate Plaintiff's mental impairments.

/ / /

**B. ALJ's Consideration of Medical Evidence**

Plaintiff next argues the ALJ improperly relied on her own lay reading of the medical evidence to discount the consultative examination by Christiana Hartshorn, N.P. The Commissioner counters that the ALJ reasonably considered the medical opinion evidence based on its supportability and consistency.

Because Plaintiff applied for benefits after March 27, 2017, the ALJ was required to consider the medical evidence under the revised regulations governing the evaluation of medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . ." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Rather, the ALJ is directed to consider medical opinions according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors such as the medial source's familiarity with other evidence in the claim or understanding of the disability program requirements. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The two most important factors are supportability and consistency, and the ALJ must explain how those factors were considered in the decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ is generally not required to explain how the remaining factors were considered, except when deciding among differing, yet equally persuasive opinions or findings on the same

issue. *Id.* Under the new regulations the "ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

In evaluating the medical evidence in this case, the ALJ considered Ms. Hartshorn's opinion, but found it was only "partially persuasive." (A.R. 26.) The ALJ determined Ms. Hartshorn's findings were not fully supported by the medical evidence of record. In doing so, the ALJ stated that "the claimant's diagnostic imaging of the lumbar spine did not suggest the severity that would result in a positive straight leg test bilaterally." (*Id.*) This comment strays very close to the line of being an impermissible lay medical judgment, as the ALJ is arguably interpreting the imaging results herself. *See Jessica V. v. Bisignano*, 807 F. Supp. 3d 1225, 1230 (D. Nev. 2025) ("ALJs are laypeople who are not permitted to themselves interpret 'raw medical data'" which includes "laboratory findings, medical imaging, and other highly technical information that is not susceptible to a lay understanding."); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("[A]n ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so.").

Nevertheless, even assuming the ALJ's comment was improper, the Court finds the other reasons cited by the ALJ adequately addressed the supportability and consistency factors. Therefore, any error was harmless.

The ALJ explained, for example, that some of Ms. Hartshorn's findings, such as the positive bilateral straight leg raise findings, were inconsistent with physical examination findings in the record, which did not consistently show significant straight leg findings. (A.R. 26.) The ALJ's observation is supported by the record (A.R. 353, 366, 367, 387, 393, 399, 481, 487, 504, 518, 561, 564-65, 570), and an inconsistency with the overall record is a valid reason to discount a medical opinion. 20 C.F.R. § 416.920c(c)(2). The ALJ also found Ms. Hartshorn's opinion about Plaintiff's physical limitations was less persuasive because it appeared to be based on Plaintiff's self-reports, and was inconsistent with her physical examination of Plaintiff. (A.R. 26.) An ALJ may discount medical opinions that are inconsistent with or unsupported by the medical provider's own clinical findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Finally, the ALJ noted Ms. Hartshorn's findings were vague as to what she meant by "moderate," "mild" and "marked" physical limitations.[1] (*Id.*) The ALJ may reject a vague opinion that does not provide useful statements regarding the degree of the claimant's functional limitations. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); 20 C.F.R. § 416.913(a)(2).

---

[1] Physical limitations are generally set forth in terms of exertion requirements, such as weight and hours per day. *See* 20 C.F.R. §§ 404.1567. Whereas limitations described as mild, moderate, or marked typically apply to mental limitations. *See* 20 C.F.R. § 404.1520a(c)(4).

Accordingly, the Court finds the ALJ did not err in considering the medical opinion evidence.

**C. Remand or Reversal**

"[T]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d at 728. If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

Here, the Court finds remand for further proceedings is appropriate. On remand, the ALJ shall properly consider all of the evidence in the record to determine whether Plaintiff is disabled.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Commissioner's decision be **REVERSED** and this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 22nd day of September, 2026.

TIMOTHY J. CAVAN
United States Magistrate Judge